36 So.2d 533

### BONNER v. ALEXANDER et al.
### 6 Div. 606.

Court of Appeals of Alabama.
Aug. 3, 1948.

F. F. Windham and Jas. L. Marshall, both of Tuscaloosa, for appellant.

W. A. Davis, of Aliceville, for appellees.

HARWOOD, Judge.

Certiorari having been granted on petition of Grady Bonner, plaintiff below, and appellant here, this proceeding is to review a decree of the Circuit Court of Pickens County finding that the defendant Guy Alexander was not an employer under the Workmen's Compensation Law, and that the plaintiff below was not in the employment of the defendant R. B. Doughty, but was in the employment of Guy Alexander.

The proceedings below were instituted under the Alabama Workmen's Compensation Law, Chapter 5, Title 26, Code of Alabama 1940.

The theory attempted to be established by the petitioner in the trial below was that he was an employee of the defendant R. B. Doughty by virtue of being employed for Doughty by Guy Alexander, who petitioner alleges was an agent for Doughty.

Petitioner introduced some evidence in an attempt to show this agency.

The evidence for the defendants tended to show that Alexander was employed by Doughty as a log scaler, and that he had no authority to employ any one for Doughty.

In connection with the operation of Doughty's saw mill slabs sawn from logs were carried away on a conveyor referred to in the testimony as a slab chain.

Doughty had told Alexander in this connection he could have what slabs he wanted. It also appears that Doughty permitted the public generally to take these slabs in order to get them off his premises.

Alexander borrowed a tractor and cut off saw from Doughty, and these he used in sawing up the slabs to be sold as wood. Alexander employed the petitioner to operate the saw for him, and to peddle the wood so sawn. Doughty received none of the proceeds of this wood business, nor in any wise participated in its management.

It appears that twice, when labor was short at his mill the petitioner had worked for a half day in Doughty's mill. He received his pay through Alexander who had been paid by Doughty for petitioner's time.

Petitioner testified that on 22 February 1947 he had run out of work in Alexander's wood business and so reported to Alexander. He alleges Alexander then told him to help roll some logs belonging to Doughty, and gave him a cant hook. He had engaged in this work only a very few minutes when a log jam broke and one of the logs struck him, fracturing his leg and ankle.

In this connection it should be noted that two of petitioner's witnesses, Mr. Elwood Price and Mr. Guy Vails, testified that when petitioner told Alexander he had "caught up" that Alexander told him to knock off work. Both testified that pe-

titioner was not given a cant hook, and as to how the accident happened Mr .Vails testified as follows:

"He was cutting some slabs with a cut-off saw and got caught up and walked to where Mr. Alexander was scaling logs and asked if he wanted him to throw off any strips, and he said No, it was just ten minutes until quitting time and he could knock off, and I went to where they were rolling down the logs, and Mr. Bonner hollered back to me. He was kicking a little log with his foot and a log rolled down on him, and we ran to him."

Alexander himself testified that when petitioner was injured he was within a few feet of him, and petitioner was not rolling logs at the time.

Only the petitioner was employed by Alexander in his wood business, and he had never accepted the provisions of the Alabama Workmen's Compensation Law as permitted by Section 263, Title 26, Code of Alabama 1940.

After a study of this record it is our opinion that the tendency of the heavy preponderance of the evidence and a reasonable view thereof necessitated the lower court's judgment in favor of the defendant below. No single reason is apparent to us that questions its correctness.

We therefore conclude that under the facts of this case and the legal principles applicable thereto no error can be attached to the judgment of the trial court rendered in favor of the defendants below.

Affirmed.